```
            UNITED STATES DISTRICT COURT
            MIDDLE DISTRICT OF TENNESSEE
                 NASHVILLE DIVISION
```

CRAIG CUNNINGHAM,            )
                             )
        Plaintiff            )
                             )       No. 3:14-2410
v.                           )       Judge Trauger/Brown
                             )
TRANS UNION, *et al.*,       )
                             )
        Defendants           )

## O R D E R

Presently pending in this case is a motion to dismiss by the Defendant Chase (Docket Entry 23) for failure to state a claim, or in the alternative, for a more definite statement, and a motion to dismiss for failure to state a claim by Defendant Ocwen (Docket Entry 26).

The **Clerk** has denied a default as to the Defendant Trans Union (Docket Entry 31). It appears that Defendant Trans Union has now made an appearance and they should, within **14 days** of the entry of this order, file an answer or other pleading to the complaint.

This matter is set for a case management conference on **Thursday, April 16, 2015, at 10:00 a.m., Courtroom 783**. The Plaintiff will confer with opposing counsel and submit a draft case management plan in this matter **three business days** prior to the case management conference. If at all possible, the draft plan should be submitted in Word or WordPerfect form to the Magistrate Judge's chambers at brownchambers@tnmd.uscourts.gov.

The Magistrate Judge notes that the Plaintiff, in responding (Docket Entry 32) to Chases's motion, states that he is

not opposed to filing a more definitive statement or seeking leave to file an amended complaint. The Plaintiff should read Rule 15 of the Federal Rules of Civil Procedure. Under Rule 15(a) the Plaintiff has a right to amend his pleading once as a matter of right within **21 days** after service of a motion under Rule 12(b)(e) or (f). The pending motion to dismiss by Defendant Chase is one to dismiss under Rule 12(b)(6). The Plaintiff, therefore, has 21 days from the filing of that motion in which to amend his complaint without leave of court. If the Plaintiff wishes to amend his complaint he should do so forthwith with a single complaint that is complete in and of it's self.

The Magistrate Judge notes that in responding to the motion for default (Docket Entry 30), Trans Union raises a number of defenses, including the fact that there was a previous settlement in this matter. To the extent this settlement agreement is relevant, it may be filed under seal and Defendant Trans Union should promptly circulate a protective order and submit it to the Magistrate Judge for approval.

All parties are cautioned by the Magistrate Judge to avoid unnecessary personal attacks. The Plaintiff is throwing the word "perjury" around with considerable abandonment. No party will advance their case with the undersigned by personal attacks on the opposing side.

It is so **ORDERED**.

/s/   Joe B. Brown
JOE B. BROWN
United States Magistrate Judge